UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ANNETTE PATTERSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　Defendant. | No. EDCV 05-609 FFM<br><br>MEMORANDUM DECISION AND ORDER |

Plaintiff Annette Patterson ("Plaintiff") brings this action seeking to overturn the decision of the Commissioner of the Social Security Administration denying her claim for Supplemental Security Income under Title XVI of the Social Security Act. The parties consented, pursuant to 28 U.S.C. § 636(c), to the jurisdiction of the undersigned United States Magistrate Judge. Pursuant to the case management order entered on July 26, 2005, the parties filed a Joint Stipulation detailing each party's arguments and authorities on April 14, 2006. The Court has reviewed the administrative record ("AR"), filed by defendant on January 27, 2006, and the Joint Stipulation. For the reasons stated below, the decision of the Commissioner is reversed and remanded for further proceedings.

/ / /

/ / /

/ / /

DISPUTED ISSUES

Plaintiff raises three issues in this action:

1. Whether the ALJ properly considered Plaintiff's testimony?
2. Whether the ALJ properly considered Plaintiff's mental impairment? and
3. Whether the ALJ properly rated the Plaintiff's mental impairment?

STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); *Desrosiers v. Secretary of Health & Human Servs.*, 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. *Green v. Heckler*, 803 F.2d 528, 929-30 (9th Cir. 1986). Where evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld. *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984).

DISCUSSION

A. <u>The ALJ Failed to Provide Clear and Convincing Reasons for Rejecting Plaintiff's Testimony.</u>

Once a claimant produces objective medical evidence of an impairment or impairments which could reasonably be expected to produce some degree of symptoms, medical findings are not required to support their alleged severity. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991). Further, if the record is devoid of any

affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of her symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993); *Bunnell v. Sullivan*, 947 F.2d at 343; *Cotton v. Bowen*, 799 F.2d 1403, 1407 (9th Cir. 1986).

Here, the medical evidence of record established, and the AJL found, that Plaintiff suffered multi-level degenerative disc disease and mental impairment. (See AR 13 and 14 - 16). Thus, the record established that Plaintiff suffered from impairments which reasonably could be expected to produce some degree of symptoms. Since the ALJ did not make an express finding of malingering and the Commissioner has failed to cite any affirmative evidence of malingering in the record, the issue before the Court is whether the reasons given by the ALJ for his adverse credibility determination satisfy the clear and convincing standard set forth above.

The following factors may be considered in weighing the claimant's credibility: (1) her reputation for truthfulness; (2) inconsistencies either in the plaintiff's testimony or between the plaintiff's testimony and her conduct; (3) her daily activities; (4) her work record; and (5) testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which she complains. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002); *see also* 20 C.F.R. §§ 404.1529(c), 416.929(c). "General findings are insufficient." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). The ALJ must state which testimony is not credible and identify the evidence that undermines the plaintiff's complaints. *Id.* If properly supported, the ALJ's credibility determination is entitled to "great deference." *Green v. Heckler*, 803 F.2d 528, 532 (9th Cir. 1986).

The ALJ found Plaintiff's allegations were not credible. Based on that finding, the ALJ did not reduce Plaintiff's functional capacity below that established by the non-examining consultant's review of the objective medical evidence alone. (AR 14).

The ALJ's entire analysis of Plaintiff's allegations is as follows:

> There is definitely a lack of credibility with the inconsistencies in the claimant's self reporting of symptoms. The claimant has a poor work history and the record indicates that the claimant is a full time homemaker and raises her either three or five children.

(AR 14).

These reasons fail to satisfy the clear and convincing standard. The ALJ did not indicate in what respects the testimony was inconsistent or how such inconsistencies suggested a lack of credibility. Similarly, the ALJ failed to suggest what Plaintiff's work history was, much less how it negatively should impact her credibility. Finally, the ALJ did not indicate what activities Plaintiff engaged in as a "homemaker" and mother or how such activities would be inconsistent with her statements regarding her symptoms. In short, the ALJ failed to explain how the activities he failed to cite evidenced an ability to perform appropriate work activities on a regular and continuing basis. *See* Social Security Ruling 98-6p (defining "regular and continuing basis" as meaning "8 hours a day, for 5 days a week"); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1201 (9th Cir. 1990) (requiring finding to the effect that plaintiff's ability to perform daily activities translated into the ability to perform appropriate work activities on an ongoing and daily basis to support adverse credibility determination); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, . . . and many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication."); *see also Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987); *Vidal v. Harris*, 637 F.2d 710, 713 (9th Cir. 1981).

Accordingly, the Court finds that the ALJ failed to provide the requisite clear and convincing reasons for rejecting Plaintiff's testimony regarding the severity of her symptoms and her attendant functional limitations.

    Because the matter must be remanded for a further hearing, the Court need not address the remaining issues at this time.

    For the foregoing reasons, the judgement of the Commissioner is reversed and the matter is remanded pursuant to sentence 4 of 42 U.S.C. § 405(g) for further proceedings.

    IT IS SO ORDERED.

DATED:  July 2, 2008                      /S/ Frederick F. Mumm
                                                FREDERICK F. MUMM
                                                United States Magistrate Judge